CIRCUIT COURT SUMMONS    NASHVILLE, TENNESSEE

FILED
2018 MAR 15 AM 10: 24
RICHARD R. ROOKER, CLERK
ε. ✓           D.C.

**STATE OF TENNESSEE**
**DAVIDSON COUNTY**
**20TH JUDICIAL DISTRICT**

☐ First
☐ Alias
☐ Pluries

ROBERT SHARP, on behalf of himself

and on behalf of all others similarly situated

CIVIL ACTION
DOCKET NO. 18C0c0c1

_____ Plaintiff

**Method of Service:**

**Vs.**

☐ Davidson County Sheriff

☐ Out of County Sheriff

TECHNICOLOR USA INC.

☐ Secretary of State

Registered Agent Solutions, Inc.

☒ Certified Mail

992 Davidson Drive STE B

☐ Personal Service

Nashville, TN 37205

☐ Commissioner of Insurance

_____ Defendant

**To the above named Defendant:**

DI w/c

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 3/15/18

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: ε. ✓
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Brian Winfrey |
|---|---|
| | 810 Broadway, Suite 105 Nashville, TN 37203 (615) 601-1276 |
| | Address |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ , 20_____ , I:

☐ served this summons and complaint/petition on _____

_____ in the following manner:

_____

☐ failed to serve this summons within 90 days after its issuance because _____

_____

_____

Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____ . On the _____ day of

_____ , _____ , I received the return receipt for said registered or certified mail, which had been signed
20

by _____ on the _____ day of _____ , 20 ____ . Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS    _____

_____ DAY OF _____ , 20____ .    PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON

AUTHORIZED BY STATUTE TO SERVE PROCESS

_____

_____ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _____

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest
personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you
must file a written list, under oath, of the items you wish to claim as exempt with the clerk of
the court. The list may be filed at any time and may be changed by you thereafter as necessary;
however, unless it is filed before the judgment becomes final, it will not be effective as to any
execution or garnishment issued prior to the filing of the list. Certain items are automatically
exempt by law and do not need to be listed; these include items of necessary wearing apparel
(clothing) for yourself and your family and trunks or other receptacles necessary to contain such
apparel, family portraits, the family Bible, and school books. Should any of these items be seized,
you would have the right to recover them. If you do not understand your exemption right or how
to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

(To be completed only if
copy certification required.)

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid,
do hereby certify this to be a true and correct copy of the original summons issued
in this case.

RICHARD R. ROOKER, CLERK

By: _____ D.C.

# STATE OF TENNESSEE
# DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

☐ First
☐ Alias
☐ Pluries

ROBERT SHARP, on behalf of himself

and on behalf of all others similarly situated

_____ Plaintiff

**Vs.**

TECHNICOLOR USA INC.

Registered Agent Solutions, Inc.

992 Davidson Drive STE B

Nashville, TN 37205

_____ Defendant

CIVIL ACTION
DOCKET NO. _18C cc c_

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☒ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

**To the above named Defendant:**

**You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.**

**In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.**

ISSUED: **3/15/18**

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _C. _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Brian Winfrey |
| --- | --- |
| | 810 Broadway, Suite 105 Nashville, TN 37203 (615) 601-1276 |
| | Address |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

| | served this summons and complaint/petition on _____ |

_____ in the following manner:

_____

| | failed to serve this summons within 90 days after its issuance because _____ |

_____

_____

Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____ , 20 _____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No.

_____ to the defendant, _____ . On the _____ day of

_____ , _____ , I received the return receipt for said registered or certified mail, which had been signed
                          20

by _____ on the _____ day of _____ , 20 _____ . Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS

_____ DAY OF _____ , 20_____.

_____

_____ NOTARY PUBLIC or _____ DEPUTY CLERK

MY COMMISSION EXPIRES: _____

PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON

AUTHORIZED BY STATUTE TO SERVE PROCESS

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

(To be completed only if copy certification required.)

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

By: __$\mathcal{C}$. _____ D.C.

FILED

**IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE**

2018 MAR 15 AM 10: 23

RICHARD R. ROOKER, CLERK

**ROBERT SHARP, on behalf of himself**
**and on behalf of all others similarly situated** )

      **Plaintiffs,**

**v.**

**TECHNICOLOR USA, INC., and**
**MANPOWER US, INC.**

      **Defendants.**

)
)
)
)
)
)
)
)

E. ✓

D.C.
**CASE NO.** 18C666

**JURY DEMAND**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT SHARP, by and through his attorneys, and on behalf of himself, the Putative Class set forth below, and in the public interest, brings the following Class Action Complaint as of right against Defendant, TECHNICOLOR USA, INC. ("Technicolor"), including, subsidiaries, divisions and affiliates and MANPOWER US, INC. ("Manpower"), under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. §1681 et seq.

### PRELIMINARY STATEMENT

1.    Technicolor is a leader in innovative technologies providing services to entertainment and media companies worldwide. Manpower is a nationwide staffing company providing labor for thousands of clients nationwide.

2.    Defendants routinely obtain and use information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

Case 3:18-cv-00379  Document 1-1  Filed 04/18/18  Page 5 of 77 PageID #: 8

3.      The FCRA, 15 U.S.C. §1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the "user" – in this case "Technicolor"– has complied with the statute's strict disclosure and authorization requirements. 15 U.S.C. §1681b(b)(2).

4.      Technicolor willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

5.      Technicolor violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Technicolor is required to disclose to its applicants and employees – *in a document that consists solely of the disclosure* – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. *Id.* Technicolor willfully violated this requirement by failing to provide Plaintiff with a copy of a document that consists solely of the disclosure that it may obtain a consumer report on him for employment purposes, prior to obtaining a copy of his consumer report.

6.      Technicolor also violated 15 U.S.C. §1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

7.      Based on the foregoing violations, Plaintiff asserts FCRA claims against Technicolor on behalf of himself and classes consisting of Defendant's employees and prospective employees.

8.      Furthermore, one of the key protections the FCRA provides consumers in the employment context the requirement that employers—*before* they use a consumer report

Case 3:18-cv-00379   Document 1-1   Filed 04/18/18   Page 6 of 77 PageID #: 9

background check to make an adverse employment decision—provide consumers with a copy of the report and a written summary of their FCRA rights.

9.     Technicolor and Manpower violated 15 U.S.C. §1681b(b)(3)(A) by taking adverse employment action against Plaintiff and other putative class members without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report, and without providing them a reasonable opportunity to respond to the information in the report and discuss it with Defendant.

10.     In Counts One and Two, Plaintiff asserts a FCRA claim under 15 U.S.C. §§1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of:

> **All Technicolor USA, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by Technicolor within two years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A).**

11.     In Count Three, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3)(A) on behalf of an "Adverse Action Class," consisting of:

> **All Technicolor USA, Inc. and Manpower US, Inc. employees and prospective employees in the United States against whom adverse employment action was taken by Technicolor, based, in whole or in part, on information contained in a consumer report obtained within five years of the filing of this complaint through the date of final judgment in this action, and who were not provided the proper pre-adverse notice as required under 15 U.S.C. §1681b(b)(3)(A).**

12.     On behalf of himself and the Putative Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

13.     Individual and representative Plaintiff, Robert Sharp ("Plaintiff") lives in Tennessee, was jointly employed by Technicolor and Manpower in this district and is a member of the Putative Class defined below.

14.    Defendant is a corporation and a user of consumer reports as contemplated by the FCRA, at 15 U.S.C. §1681b.

## JURISDICTION AND VENUE

15.    This is an action for damages in excess of $15,000, exclusive of interest, fees and costs, for violation of the FCRA.  This Court has federal question jurisdiction pursuant to 28 U.S.C § 1331 and 15 U.S.C. 1681n and 1681p.  Venue is proper in this County because the events giving rise to the action occurred in this County.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES
### *Background Checks*

16.    Technicolor conducts background checks on many of its job applicants as part of a standard screening process.  In addition, Technicolor also conducts background checks on existing employees from time-to-time during the course of their employment.

17.    Technicolor does not perform these background checks in-house.  Rather, Defendant relies on an outside consumer reporting firm to obtain this information and report it to the Defendant.  These reports constitute "consumer reports" for purposes of the FCRA.

### *FCRA Violations Relating to Background Check Class*

18.    Technicolor procured a consumer report information on Plaintiff in violation of the FCRA.

19.    Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

>        (i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and
>
>        (ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the

report.

15 U.S.C. §§1681b(b)(2)(A)(i)-(ii) (*emphasis added*).

20.     Technicolor failed to satisfy these disclosure and authorization requirements.

21.     Technicolor did not have a stand-alone FCRA disclosure or authorization form. The FCRA requires that a disclosure not contain extraneous information. This is commonly referred to as the "stand alone disclosure" requirement.

22.     The FCRA also contains several other notice provisions, such as 15 U.S.C. §1681b(b)(3)(a) (pre-adverse action); §1681b(4)(B)(notice of national security investigation); §1681c(h) (notification of address discrepancy); §1681g (full file disclosure to consumers); §1681k(a)(1) (disclosure regarding use of public record information); §1681h (form and conditions of disclosure; and §1681m(a) (notice of adverse action).

23.     The purpose of FCRA notice provisions, including 1681b(b)(2)(A)(i), is to put consumers on notice that a consumer report may be prepared.   This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers the opportunity to ensure accuracy, confidentiality and fairness.

24.     Without clear notice that a consumer report is going to be procured, applicants and employees are deprived of the opportunity to make informed decisions or otherwise assert protected rights.

25.     Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the Federal Trade Commission ("FTC"). *Jones v Halstead Mgmt. Co.*, LLC, 81 F. Supp. 3d 324, 333 (S.D.N.Y 2015)(disclosure not "stand alone" when it contains extraneous information such as state specific disclosures); *Moore v. Rite Aid Hdqtrs. Corp.*, 2015 U.S. Dist. LEXIS, at *35 (E.D.

Pa. May 29, 2015)("The text of the statute and available agency guidance demonstrate that the inclusion of information on the form apart from the disclosure and related authorization violates §1681b(b)(2)(a).")

26.     Along similar lines, many states have data privacy laws that restrict the disclosure of the information in their possession. *See, e.g.* Russom, Mirian B., Robert H. Sloan and Richard Warner, *Legal Concepts Meet Technology: A 50 State Survey of Privacy Laws,* ACSAC, (December 2011) (available at https://www.acsac.org/2011/workshops/gtip/p-Russom.pdf).

27.     Technicolor knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§1681b(b)(2)(A) by procuring consumer report information on consumers without complying with the disclosure and authorization requirements of the statute. Technicolor's violations were willful because Technicolor knew it was required to use a stand-alone disclosure form prior to obtaining and using a consumer report on the Putative Class members.

28.     Technicolor's conduct is also willful because:

    a.     Defendant is a large and sophisticated employer with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

    b.     Technicolor knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute;

    c.     Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

29.     Technicolor acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check class members. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the

plain language of the FCRA, in promulgations of the FTC and in established case law. Technicolor had access to materials and resources advising them of their duties under the FCRA. Any reasonable employer of Defendants size and sophistication knows or should know about FCRA compliance requirements.

### *FCRA Violations Relating to Adverse Action Class*

30. The FCRA also provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the report[.]" 15 U.S.C. §1681b(b)(3)(A)(i).

31. Technicolor and Manpower typically do not provide consumers with a copy of their consumer reports before taking adverse action against them based on the information in such reports. In the instant case, Plaintiff was terminated from employment on the basis of information contained in Plaintiff's consumer report that was obtained by Technicolor and Manpower; however, Plaintiff never received any pre-adverse action notice from Technicolor or Manpower.

32. Technicolor and Manpower's practice also runs counter to long-standing regulatory guidance from the FTC. Specifically, 15 U.S.C. §1681b(b)(3)(A) requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative

Case 3:18-cv-00379   Document 1-1   Filed 04/18/18   Page 11 of 77 PageID #: 14

information.[1]

33. By failing to provide Plaintiff and other Putative Class members with the information required by 15 U.S.C. §1681b(b)(3)(A) before taking adverse employment action against them based on the information contained in such reports, Technicolor and Manpower willfully disregarded this unambiguous regulatory guidance as well as the plain language of the statute, in violation of 15 U.S.C. §1681b(b)(3)(A).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

34. Plaintiff was jointly employed by Technicolor and Manpower, a temporary employment agency for approximately six (6) years.

35. On or about September of 2017, Plaintiff was offered full-time employment with Technicolor subject to a background check, *i.e.* a "consumer report."

36. Technicolor procured a consumer report on Plaintiff. The consumer report contained private, confidential information about Plaintiff.

37. As a result of the consumer report, Plaintiff was denied full time employment with Technicolor and was terminated by Technicolor and Manpower based on the contents of the consumer report.

38. It was unlawful for Technicolor to procure a consumer report on Plaintiff without making the disclosures required by the FCRA. Technicolor violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute.

39. Plaintiff was distracted by the presence of additional information in the purported

---

[1] Letter from William Haynes, Fed. Trade Comm'n, to A. Michael Rosen, Esq., Sr. VP Background America, *Inc.* (Jun. 9, 1998), 1998 WL 34323763 (F.T.C.) at *1, available at: https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-rosen-06-09-98.

FCRA Disclosure. Specifically, Technicolor unlawfully inserted extraneous provisions into forms purporting to grant Technicolor authority to obtain and use consumer report information for employment purposes. The FCRA forbids this practice, since it mandates that all forms granting the authority to access and use consumer report information for employment purposes be "stand-alone forms" that do not include any additional agreements.

40.     Plaintiff was confused about his rights due to the presence of the additional language contained in Technicolor's forms.

41.     Technicolor failed to satisfy the FCRA requirements pertaining to the FCRA Disclosure form when it procured Plaintiff's consumer report without making the proper disclosures.

42.     Technicolor and Manpower violated 15 U.S.C. §1681b(b)(3)(A) when it took adverse employment action against Plaintiff and other putative class members based on information in their consumer reports without first providing Plaintiff and other affected class members with a copy of their consumer reports, notifying them of their rights under the FCRA, and giving them a reasonable opportunity to respond to the information in the report and engage in discussion with Technicolor.

43.     The FCRA requires employers to provide notice at three different periods: (1) before an employer requests and/or procures a consumer report, it must provide notice to the employee in a "stand-alone" document, and must also receive written authorization from the employee (referred to as "Disclosure and Authorization"); (2) once an employer obtains a consumer report on an employee and before an employer can take adverse action against this same employee, it must first provide the employee with a copy of the report, and provide the employee with a description of the employee's rights under the FCRA (referred to as "Pre-

Adverse Action Notice"); and (3) once an employer takes adverse action, it must notify the employee that (i) it is taking adverse action based on the information contained in the employee's consumer report, (ii) it is providing the employee with the name, address, and telephone number of the consumer reporting agency that furnished the consumer report, (iii) it is providing the employee with a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with specific reasons as to why the adverse action was taken, (iv) it is providing the employee with notice of the employer's rights as a consumer to obtain...a free copy of the consumer report on the consumer from the consumer reporting agency.. .[within] the 60-day period," and (v) it is providing the employee with "notice of the consumer's right to dispute… with a consumer reporting agency the accuracy or completeness of any information in a consumer repot furnished by the agency [(referred to as "Post-Adverse Action Notice")]." *See* 15 U.S.C. §§1681b and 1681m.

44.     Technicolor and Manpower failed to follow these long-established FCRA requirements.

## CLASS ACTION ALLEGATIONS

4 5 .     Plaintiff asserts claims under Counts 1 and 2 of this Complaint against Technicolor on behalf of a Putative Background Check Class defined as follows:

**All Technicolor USA, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by Technicolor within two years of the filing of this complaint through the date of final judgment in this action as required by the FCRA.**

46.     In Count Three, Plaintiff asserts FCRA claims against Technicolor and Manpower under 15 U.S.C. §1681b(b)(3)(A) on behalf of an "Adverse Action Class," consisting of:

**All Technicolor USA, Inc. and Manpower US, Inc. employees and prospective employees in the United States against whom adverse employment action was taken, based, in whole or in part, on information**

**contained in a consumer report obtained within five years of the filing of this complaint through the date of final judgment in this action, and who were not provided the proper pre-adverse notice as required under 15 U.S.C. §1681b(b)(3)(A).**

4 7 .    Numerosity:    The members of the Putative Classes are so numerous that joinder of all Class members is impracticable.    Technicolor a n d  M a n p o w e r  regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process. Plaintiff is informed and believes that during the relevant time period, thousands of Technicolor a n d  M a n p o w e r  employees and prospective employees satisfy the definition of the Putative Class.

4 8 .    Typicality:    Plaintiff's claims are typical of those of the members of the Putative Classes. Technicolor a n d  M a n p o w e r  typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Technicolor a n d  M a n p o w e r  treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

4 9 .    Adequacy:    Plaintiff is a member of and will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

5 0 .    Commonality:  Common questions of law and fact exist as to all members of the Putative Classes, and predominate over any questions solely affecting individual members of the Putative Classes. These common questions include, but are not limited to:

> a.    Whether Technicolor uses consumer report information to conduct background checks on employees and prospective employees;

Case 3:18-cv-00379   Document 1-1   Filed 04/18/18   Page 15 of 77 PageID #: 18

b. Whether Technicolor's background check practices and/or procedures comply with the FCRA;

c. Whether Technicolor violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

d. Whether Technicolor violated the FCRA by procuring consumer report information based on invalid authorizations;

e. Whether Technicolor and Manpower violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class that may have been based on information in a consumer report, without first furnishing a copy of the report to the affected persons;

f. Whether Technicolor's and Manpower's violation of the FCRA was willful;

g. The proper measure of statutory damages; and

h. The proper form of injunctive and declaratory relief.


51. This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Technicolor a n d M a n p o w e r . Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

52. This case is also maintainable as a class action because Technicolor a n d M a n p o w e r acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Classes as a whole.

53. Class certification is also appropriate because questions of law and fact common

to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Technicolor's and Manpower['s conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against the Technicolor and/or Manpower, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Technicolor and Manpower practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

54.    Plaintiff intends to send notice to all members of the Putative Classes to the extent required by the Federal Rules of Civil Procedure. The names and addresses of the Putative Class members are readily available from Technicolor's and Manpower's records.

### FIRST CLAIM FOR RELIEF (AGAINST TECHNICOLOR)
**Failure to Make Proper Disclosure in Violation of FCRA**
**15 U.S.C. §1681b(b)(2)(A)(i)**

55.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-54.

56.    In violation of the FCRA, the FCRA Disclosure form Technicolor required the Background Check Class to complete as a condition of its employment with Technicolor does not satisfy the disclosure requirements of 15 U.S.C. §1681b(b)(2)(A)(i) because Technicolor

Case 3:18-cv-00379   Document 1-1   Filed 04/18/18   Page 17 of 77 PageID #: 20

failed to provide a stand-alone document as to the consumer report information being obtained and utilized.

### *Plaintiffs' First Concrete Injury under §1681b(b)(2)(A)(i): Informational Injury*

57.    Plaintiff suffered a concrete informational injury because Technicolor failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form. Through the FCRA, Congress created a new right – the right to receive the required disclosure as set out in the FCRA – and a new injury – not receiving a stand-alone disclosure.

58.    Pursuant to §1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff *before* the consumer report was to be procured. By depriving Plaintiff of this information, in the form and at the time he was entitled to receive it, Technicolor injured Plaintiff and the putative class members he seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Atkins,* 524 U.S. 11 (1998).

59.    Technicolor violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Technicolor actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Technicolor might procure a consumer report on each of them for purposes of employment. The required disclosures were not made, causing Plaintiff an informational injury.

60.     Technicolor's Failure to provide Plaintiff and the Putative Classes with a lawful disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

### Plaintiff's Second Concrete Injury under §1681b(b)(2)(A)(i): Invasion of Privacy

61.     Technicolor invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A., Inc.* F. Supp. 3d 868, 869 (N.D.Cal.2015).

62.     The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English and American law.     Technicolor invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on him and viewing his private and personal information without lawful authorization. *Perry v. Cable News Network, Inc.*, No-16-13031, (11th Cir., April 27, 2017)(Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

63.     The forgoing violations were willful. At the time Technicolor violated 15 U.S.C. §1681b(b)(2)(A)(i) Technicolor knew they were required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class. A plethora of authority, including both case law and FTC

opinions, existed at the time of Technicolor's violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Technicolor's willful conduct is also reflected by, among other things, the following facts:

> a. Technicolor is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;
>
> b. Technicolor knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and
>
> c. Technicolor voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

64. Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

65. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

**WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

> a. Determining that this action may proceed as a class action;
>
> b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;
>
> c. Issuing proper notice to the Putative Class at Technicolor's expense;
>
> d. Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;

e.      Awarding reasonable attorneys' fees and costs as provided by the FCRA;

**SECOND CLAIM FOR RELIEF (AGAINST TECHNICOLOR)**
**Failure to Obtain Proper Authorization in Violation of FCRA**
**15 U.S.C. §1681b(b)(2)(A)(ii)**

66.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-54.

67.     Technicolor violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization.

68.     The authorization requirement under 15 U.S.C. §1681b(b)(2)(A)(ii) follows the disclosure requirement of §1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure. "After all, one cannot meaningfully authorize her employer to take an action if she does not grasp what that action entails." *Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689, 699 (S.D. Ohio 2010); *see also United States v. DeFries*, 129 F. 3d 1293, 1307 (D.C. Cir. 1997)("[A]uthorization secured 'without disclosure of …material information' is a nullity.")

*Plaintiffs' First Concrete Injury under §1681b(b)(2)(A)(ii): Informational Injury*

69.     Plaintiff suffered a concrete informational injury because Technicolor failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form. Thus, through the FCRA, Congress has created a new right—the right to receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-alone disclosure.

70.     Pursuant to §1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be

provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, Technicolor injured Plaintiff and the putative class members he seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins,* 524 U.S. 11 (1998) Then 15 U.S.C. §1681b(b)(2)(A)(ii).

71. Technicolor violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Technicolor actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Technicolor might procure a consumer report on each of them for purposes of employment.

72. Plaintiff suffered an informational injury. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A. Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015).

73. Technicolor's Failure to provide Plaintiff and the Putative Classes with a lawful disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

### *Plaintiffs' Second Concrete Injury under §1681b(b)(2)(A)(ii): Invasion of Privacy*

74. Additionally, Technicolor invaded Plaintiff's right to privacy and intruded upon his seclusion. Under the FCRA, "a person may not procure a consumer report, or cause a

consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A.*, Inc., 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015). Plaintiff's consumer report contained a wealth of private information which Technicolor had no right to access absent a specific Congressional license to do so. Technicolor invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on him and viewing his private and personal information without lawful authorization. *Perry v. Cable News Network, Inc.*, No-16-13031, (11th Cir., April 27, 2017)(Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

75. The foregoing violations were willful. At this time Technicolor violated 15 U.S.C. §1681b(b)(2)(A)(ii). Technicolor knew that in order for it to have authorization to obtain consumer reports on Plaintiff and the Putative Class members it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class. Plaintiff's disclosure containing the illegal FCRA Disclosure form was executed on or about September, 2017. A plethora of authority, including both case law, and FTC opinions, existed at the time of Technicolor's violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Technicolor's willful conduct is also reflected by, among other things, the following facts:

  a.   Technicolor is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was

lawful;

b.    Technicolor knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

c.    Technicolor voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

76.    Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

77.    Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

**WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

a.    Determining that this action may proceed as a class action;

b.    Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c.    Issuing proper notice to the Putative Class at Technicolor's expense;

d.    Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;

e.    Awarding reasonable attorneys' fees and costs as provided by the FCRA;

### THIRD CLAIM FOR RELIEF
### Failure to Provide Notice in Violation of FCRA
### 15 U.S.C. § 1681b(b)(3)(A)

77.    Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-54.

78.     Technicolor and Manpower used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

79.     Technicolor and Manpower violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with a copy of the consumer report that may have been used to take adverse employment action against them, before taking such adverse action. *See* 15 U.S.C. §1681b(b)(3)(A).

80.     The foregoing violations were willful. Technicolor and Manpower acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. §1681b(b)(3)(A). Technicolor and Manpower knew or should have known of its legal obligations under the FCRA. These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission. Technicolor and Manpower obtained or otherwise had available substantial written materials that apprised Technicolor of its duties under the FCRA. Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover their substance.

81.     Moreover, at the time Technicolor and Manpower failed to follow 15 U.S.C. §1681b(b)(3)(A) a plethora of FTC opinion and case law existed.

### *Plaintiff's First Concrete Injury: Informational Injury*

82.     Plaintiff suffered a concrete informational injury because Technicolor and Manpower failed to provide Plaintiff with information to which he was entitled to by statute, namely a pre-adverse action notice, before his termination. This notice should have included all information proscribed by §1681b(b)(3)(A), including: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the

Case 3:18-cv-00379   Document 1-1   Filed 04/18/18   Page 25 of 77 PageID #: 28

Bureau under §1681g(c)(3) of the FCRA.

83.     Through the FCRA, Congress has created a new right—the right to receive pre-adverse notice as set out in the FCRA—and a new injury—not receiving said notice. The Plaintiff's "inability to obtain [that] information" is therefore, standing alone, "a sufficient injury in fact to satisfy Article III." *Spokeo Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016).

### *Plaintiff's Second Concrete Injury: Inability to Learn of the Contents of His Report and Tell His Side of the Story*

84.     Separately from the informational injury suffered, Plaintiff and Class Members have Article III standing to pursue claims for violations of §1681b(b)(3) because Technicolor's and Manpower's failure to provide timely notice deprived Plaintiff and Class Members of the opportunity to learn of the charges against them and tell Technicolor and Manpower their side of the story before Technicolor terminated their employment.

85.     With these two recognized injuries directly traceable to Technicolor's and Manpower's failure to timely provide the notices required by §1681b(b)(3), Plaintiff unquestionably has established Article III standing.

86.     Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages as the Court may allow under 15 U.S.C. §1681n(a)(2).

87.     Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

**WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

f.    Determining that this action may proceed as a class action;

g.    Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

h.    Issuing proper notice to the Putative Classes at Technicolor and Manpower's expense;

i.    Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;

j.    Awarding reasonable attorneys' fees and costs as provided by the FCRA;

k.    Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Putative Class demand a trial by jury.

Respectfully Submitted,

s/ Brian C. Winfrey

Brian Winfrey, TN Bar No. 02576
MORGAN & MORGAN
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 601-1276
bwinfrey@forthepeople.com

Copy

**CIRCUIT COURT SUMMONS**                                     NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

2018 APR 10 PH 2: 21

☐ First
☐ Alias
☐ Pluries

Robert Sharp, on behalf of himself
and on behalf of all others similarly situated

_____
                                    Plaintiff

Vs.

Manpower US Inc.
CT Corporations System
300 Montvue Road
Knoxville, TN 37919
_____
                                    Defendant

CIVIL ACTION
DOCKET NO. 18C661

**Method of Service:**

☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☒ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

D2 w/AC

**To the above named Defendant:**

**You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.**

**In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.**

ISSUED: **4-10-18**            _____

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Brian Winfrey |
|---|---|
| | 810 Broadway, Suite 105  Nashville, TN 37203 |
| | Address (615) 601-1276 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

♿ **To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.**

Copy

CIRCUIT COURT SUMMONS                                      NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

2018 APR 10 PM 2:22

☐ First
☐ Alias
☐ Pluries

ROBERT SHARP, on behalf of himself

and on behalf of all others similarly situated

                                              Plaintiff

CIVIL ACTION
DOCKET NO. __18C661__

**Method of Service:**

☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☒ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

Vs.

TECHNICOLOR USA INC.

Registered Agent Solutions, Inc.

992 Davidson Drive STE B

Nashville, TN 37205

                                              Defendant

DIW/AC

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: __4-10-18__

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Brian Winfrey |
| --- | --- |
| | 810 Broadway, Suite 105 Nashville, TN 37203 (615) 601-1276 |
| | Address |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

ROBERT SHARP, on behalf of himself
and on behalf of all others similarly situated )
)
Plaintiffs, )
)
v. ) CASE NO. 18C
)
) JURY DEMAND
TECHNICOLOR USA, INC., and )
MANPOWER US, INC. )
)
Defendants. )

## AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROBERT SHARP, by and through his attorneys, and on behalf of himself, the

Putative Class set forth below, and in the public interest, brings the following Class Action

Complaint as of right against Defendant, TECHNICOLOR USA, INC. ("Technicolor"),

including, subsidiaries, divisions and affiliates and PROLOGISTICS, LLC. ("ProLogistics"),

under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. §1681 et seq.

### PRELIMINARY STATEMENT

1. Technicolor is a leader in innovative technologies providing services to

entertainment and media companies worldwide. ProLogistics is a nationwide staffing company

providing labor for thousands of clients nationwide.

2. Defendants routinely obtains and uses information in consumer reports to

conduct background checks on prospective employees and existing employees, and frequently

relies on such information, in whole or in part, as a basis for adverse employment

action, such as termination, reduction of hours, change in position, failure to hire, and failure to

promote.

Page -1-

Copy

3. The FCRA, 15 U.S.C. §1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the "user" – in this case "Technicolor"– has complied with the statute's strict disclosure and authorization requirements. 15 U.S.C. §1681b(b)(2).

4. Technicolor willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

5. Technicolor violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Technicolor is required to disclose to its applicants and employees – *in a document that consists solely of the disclosure* – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. *Id.* Technicolor willfully violated this requirement by failing to provide Plaintiff with a copy of a document that consists solely of the disclosure that it may obtain a consumer report on him for employment purposes, prior to obtaining a copy of his consumer report.

6. Technicolor also violated 15 U.S.C. §1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

7. Based on the foregoing violations, Plaintiff asserts FCRA claims against Technicolor on behalf of himself and classes consisting of Defendant's employees and prospective employees.

8. Furthermore, one of the key protections the FCRA provides consumers in the employment context the requirement that employers—*before* they use a consumer report

background check to make an adverse employment decision—provide consumers with a copy of the report and a written summary of their FCRA rights.

9. Technicolor and ProLogistics violated 15 U.S.C. §1681b(b)(3)(A) by taking adverse employment action against Plaintiff and other putative class members without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report, and without providing them a reasonable opportunity to respond to the information in the report and discuss it with Defendant.

10. In Counts One and Two, Plaintiff asserts a FCRA claim under 15 U.S.C. §§1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of:

> **All Technicolor USA, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by Technicolor within two years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A).**

11. In Count Three, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3)(A) on behalf of an "Adverse Action Class," consisting of:

> **All Technicolor USA, Inc. and ProLogistics, LLC employees and prospective employees in the United States against whom adverse employment action was taken by Technicolor, based, in whole or in part, on information contained in a consumer report obtained within five years of the filing of this complaint through the date of final judgment in this action, and who were not provided the proper pre-adverse notice as required under 15 U.S.C. §1681b(b)(3)(A).**

12. On behalf of himself and the Putative Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

13. Individual and representative Plaintiff, Robert Sharp ("Plaintiff") lives in Tennessee, was jointly employed by Technicolor and ProLogistics in this district and is a member of the Putative Class defined below.



14. Defendant is a corporation and a user of consumer reports as contemplated by the FCRA, at 15 U.S.C. §1681b.

## JURISDICTION AND VENUE

15. This is an action for damages in excess of $15,000, exclusive of interest, fees and costs, for violation of the FCRA. This Court has federal question jurisdiction pursuant to 28 U.S.C § 1331 and 15 U.S.C. 1681n and 1681p. Venue is proper in this County because the events giving rise to the action occurred in this County.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES
### *Background Checks*

16. Technicolor conducts background checks on many of its job applicants as part of a standard screening process. In addition, Technicolor also conducts background checks on existing employees from time-to-time during the course of their employment.

17. Technicolor does not perform these background checks in-house. Rather, Defendant relies on an outside consumer reporting firm to obtain this information and report it to the Defendant. These reports constitute "consumer reports" for purposes of the FCRA.

### *FCRA Violations Relating to Background Check Class*

18. Technicolor procured a consumer report information on Plaintiff in violation of the FCRA.

19. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

      (i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

      (ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the



report.

15 U.S.C. §§1681b(b)(2)(A)(i)-(ii) (*emphasis added*).

20. Technicolor failed to satisfy these disclosure and authorization requirements.

21. Technicolor did not have a stand-alone FCRA disclosure or authorization form. The FCRA requires that a disclosure not contain extraneous information. This is commonly referred to as the "stand alone disclosure" requirement.

22. The FCRA also contains several other notice provisions, such as 15 U.S.C. §1681b(b)(3)(a) (pre-adverse action); §1681b(4)(B)(notice of national security investigation); §1681c(h) (notification of address discrepancy); §1681g (full file disclosure to consumers); §1681k(a)(1) (disclosure regarding use of public record information); §1681h (form and conditions of disclosure; and §1681m(a) (notice of adverse action).

23. The purpose of FCRA notice provisions, including 1681b(b)(2)(A)(i), is to put consumers on notice that a consumer report may be prepared. This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers the opportunity to ensure accuracy, confidentiality and fairness.

24. Without clear notice that a consumer report is going to be procured, applicants and employees are deprived of the opportunity to make informed decisions or otherwise assert protected rights.

25. Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the Federal Trade Commission ("FTC"). *Jones v Halstead Mgmt. Co.*, LLC, 81 F. Supp. 3d 324, 333 (S.D.N.Y 2015)(disclosure not "stand alone" when it contains extraneous information such as state specific disclosures); *Moore v. Rite Aid Hdqtrs. Corp.*, 2015 U.S. Dist. LEXIS, at *35 (E.D.

Pa. May 29, 2015)("The text of the statute and available agency guidance demonstrate that the inclusion of information on the form apart from the disclosure and related authorization violates §1681b(b)(2)(a).")

26.      Along similar lines, many states have data privacy laws that restrict the disclosure of the information in their possession. *See, e.g.* Russom, Mirian B., Robert H. Sloan and Richard Warner, *Legal Concepts Meet Technology: A 50 State Survey of Privacy Laws*, ACSAC, (December 2011) (available at https://www.acsac.org/2011/workshops/gtip/p-Russom.pdf).

27.      Technicolor knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§1681b(b)(2)(A) by procuring consumer report information on consumers without complying with the disclosure and authorization requirements of the statute. Technicolor's violations were willful because Technicolor knew it was required to use a stand-alone disclosure form prior to obtaining and using a consumer report on the Putative Class members.

28.      Technicolor's conduct is also willful because:

   a.      Defendant is a large and sophisticated employer with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

   b.      Technicolor knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute;

   c.      Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

29.      Technicolor acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check class members. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the

Copy

plain language of the FCRA, in promulgations of the FTC and in established case law. Technicolor had access to materials and resources advising them of their duties under the FCRA. Any reasonable employer of Defendants size and sophistication knows or should know about FCRA compliance requirements.

### *FCRA Violations Relating to Adverse Action Class*

30.     The FCRA also provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the report[.]" 15 U.S.C. §1681b(b)(3)(A)(i).

31.     Technicolor and ProLogistics typically do not provide consumers with a copy of their consumer reports before taking adverse action against them based on the information in such reports. In the instant case, Plaintiff was terminated from employment on the basis of information contained in Plaintiff's consumer report that was obtained by Technicolor and ProLogistics; however, Plaintiff never received any pre-adverse action notice from Technicolor or ProLogistics.

32.     Technicolor and ProLogistics's practice also runs counter to long-standing regulatory guidance from the FTC. Specifically, 15 U.S.C. §1681b(b)(3)(A) requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative

Copy

information.[1]

33.     By failing to provide Plaintiff and other Putative Class members with the information required by 15 U.S.C. §1681b(b)(3)(A) before taking adverse employment action against them based on the information contained in such reports, Technicolor and ProLogistics willfully disregarded this unambiguous regulatory guidance as well as the plain language of the statute, in violation of 15 U.S.C. §1681b(b)(3)(A).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

34.     Plaintiff was jointly employed by Technicolor and ProLogistics, a temporary employment agency for approximately six (6) years.

35.     On or about September of 2017, Plaintiff was offered full-time employment with Technicolor subject to a background check, *i.e.* a "consumer report."

36.     Technicolor procured a consumer report on Plaintiff.   The consumer report contained private, confidential information about Plaintiff.

37.     As a result of the consumer report, Plaintiff was denied full time employment with Technicolor and was terminated by Technicolor and ProLogistics based on the contents of the consumer report.

38.     It was unlawful for Technicolor to procure a consumer report on Plaintiff without making the disclosures required by the FCRA. Technicolor violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute.

39.     Plaintiff was distracted from the disclosure by the presence of additional

---

[1] Letter from William Haynes, Fed. Trade Comm'n, to A. Michael Rosen, Esq., Sr. VP Background America, *Inc.*, (Jun. 9, 1998), 1998 WL 34323763 (F.T.C.) at *1, available at: https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-rosen-06-09-98.

Copy

information in the purported FCRA Disclosure. Specifically, Technicolor unlawfully inserted extraneous provisions into forms purporting to grant Technicolor authority to obtain and use consumer report information for employment purposes. The FCRA forbids this practice, since it mandates that all forms granting the authority to access and use consumer report information for employment purposes be "stand-alone forms" that do not include any additional agreements, state laws disclosures or other extraneous langauge.

40.     Plaintiff was confused about his rights due to the presence of the additional language contained in Technicolor's forms.

41.     Technicolor failed to satisfy the FCRA requirements pertaining to the FCRA Disclosure form when it procured Plaintiff's consumer report without making the proper disclosures.

42.     Technicolor and ProLogistics violated 15 U.S.C. §1681b(b)(3)(A) when it took adverse employment action against Plaintiff and other putative class members based on information in their consumer reports without first providing Plaintiff and other affected class members with a copy of their consumer reports, notifying them of their rights under the FCRA, and giving them a reasonable opportunity to respond to the information in the report and engage in discussion with Technicolor.

43.     The FCRA requires employers to provide notice at three different periods: (1) before an employer requests and/or procures a consumer report, it must provide notice to the employee in a "stand-alone" document, and must also receive written authorization from the employee (referred to as "Disclosure and Authorization"); (2) once an employer obtains a consumer report on an employee and before an employer can take adverse action against this same employee, it must first provide the employee with a copy of the report, and provide the



employee with a description of the employee's rights under the FCRA (referred to as "Pre-Adverse Action Notice"); and (3) once an employer takes adverse action, it must notify the employee that (i) it is taking adverse action based on the information contained in the employee's consumer report, (ii) it is providing the employee with the name, address, and telephone number of the consumer reporting agency that furnished the consumer report, (iii) it is providing the employee with a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with specific reasons as to why the adverse action was taken, (iv) it is providing the employee with notice of the employer's rights as a consumer to obtain...a free copy of the consumer report on the consumer from the consumer reporting agency...[within] the 60-day period," and (v) it is providing the employee with "notice of the consumer's right to dispute... with a consumer reporting agency the accuracy or completeness of any information in a consumer repot furnished by the agency [(referred to as "Post-Adverse Action Notice")]." *See* 15 U.S.C. §§1681b and 1681m.

44. Technicolor and ProLogistics failed to follow these long-established FCRA requirements.

## CLASS ACTION ALLEGATIONS

45. Plaintiff asserts claims under Counts 1 and 2 of this Complaint against Technicolor on behalf of a Background Check Class defined as follows:

> **All Technicolor USA, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by Technicolor within two years of the filing of this complaint through the date of final judgment in this action as required by the FCRA.**

46. In Count Three, Plaintiff asserts FCRA claims against Technicolor and ProLogistics under 15 U.S.C. §1681b(b)(3)(A) on behalf of an "Adverse Action Class," consisting of:

Page -10-

Copy

**All Technicolor USA, Inc. and Pro Logistics, LLC. employees and prospective employees in the United States against whom adverse employment action was taken, based, in whole or in part, on information contained in a consumer report obtained within five years of the filing of this complaint through the date of final judgment in this action, and who were not provided the proper pre-adverse notice as required under 15 U.S.C. §1681b(b)(3)(A).**

47. <u>Numerosity</u>: The members of the Putative Classes are so numerous that joinder of all Class members is impracticable. Technicolor and ProLogistics regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process. Plaintiff is informed and believes that during the relevant time period, thousands of Technicolor and ProLogistics employees and prospective employees satisfy the definition of the Putative Class.

48. <u>Typicality</u>: Plaintiff's claims are typical of those of the members of the Putative Classes. Technicolor and ProLogistics typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members; and Technicolor and ProLogistics treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

49. <u>Adequacy</u>: Plaintiff is a member of and will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

50. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Putative Classes, and predominate over any questions solely affecting individual members of the Putative Classes. These common questions include, but are not limited to:

Copy

a.     Whether Technicolor uses consumer report information to conduct background checks on employees and prospective employees;

b.     Whether Technicolor's background check practices and/or procedures comply with the FCRA;

c.     Whether Technicolor violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

d.     Whether Technicolor violated the FCRA by procuring consumer report information based on invalid authorizations;

e.     Whether Technicolor and ProLogistics violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class that may have been based on information in a consumer report, without first furnishing a copy of the report to the affected persons;

f.     Whether Technicolor's and ProLogistics's violation of the FCRA was willful;

g.     The proper measure of statutory damages; and

h.     The proper form of injunctive and declaratory relief.

51.     This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Technicolor and ProLogistics. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

52.     This case is also maintainable as a class action because Technicolor and ProLogistics acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Classes as a whole.

53.     Class certification is also appropriate because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Technicolor's and ProLogistics['s conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against the Technicolor and/or ProLogistics, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution.   Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Technicolor and ProLogistics practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

54.     Plaintiff intends to send notice to all members of the Putative Classes to the extent required by the Federal Rules of Civil Procedure. The names and addresses of the Putative Class members are readily available from Technicolor's and ProLogistics's records.

### FIRST CLAIM FOR RELIEF (AGAINST TECHNICOLOR)
**Failure to Make Proper Disclosure in Violation of FCRA**
**15 U.S.C. §1681b(b)(2)(A)(i)**

55.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-54.

56.     In violation of the FCRA, the FCRA Disclosure form Technicolor required the Background Check Class to complete as a condition of its employment with Technicolor does

Copy

not satisfy the disclosure requirements of 15 U.S.C. §1681b(b)(2)(A)(i) because Technicolor failed to provide a stand-alone document as to the consumer report information being obtained and utilized.

### Plaintiffs' First Concrete Injury under §1681b(b)(2)(A)(i): Informational Injury

57.     Plaintiff suffered a concrete informational injury because Technicolor failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form. Through the FCRA, Congress created a new right – the right to receive the required disclosure as set out in the FCRA – and a new injury – not receiving a stand-alone disclosure.

58.     Pursuant to §1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff *before* the consumer report was to be procured. By depriving Plaintiff of this information, in the form and at the time he was entitled to receive it, Technicolor injured Plaintiff and the putative class members he seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Atkins,* 524 U.S. 11 (1998).

59.     Technicolor violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Technicolor actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Technicolor might procure a consumer report on each of them for purposes of employment. The required disclosures were



not made, causing Plaintiff an informational injury.

60. Technicolor's Failure to provide Plaintiff and the Putative Classes with a lawful disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

**Plaintiff's Second Concrete Injury under §1681b(b)(2)(A)(i): Invasion of Privacy**

61. Technicolor invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A., Inc.* F. Supp. 3d 868, 869 (N.D.Cal.2015).

62. The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English and American law. Technicolor invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on him and viewing his private and personal information without lawful authorization. *Perry v. Cable News Network, Inc.*, No-16-13031, (11th Cir., April 27, 2017)(Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

63. The forgoing violations were willful. At the time Technicolor violated 15 U.S.C. §1681b(b)(2)(A)(i) Technicolor knew they were required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on

Plaintiff and the Putative Class. A plethora of authority, including both case law and FTC opinions, existed at the time of Technicolor's violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Technicolor's willful conduct is also reflected by, among other things, the following facts:

    a.     Technicolor is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

    b.     Technicolor knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

    c.     Technicolor voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

64.     Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

65.     Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

**WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

    a.     Determining that this action may proceed as a class action;

    b.     Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c.     Issuing proper notice to the Putative Class at Technicolor's expense;

    d.     Awarding statutory damages as provided by the FCRA, including punitive

Copy

damages, to members of the Putative Class;

e.    Awarding reasonable attorneys' fees and costs as provided by the
       FCRA;

## SECOND CLAIM FOR RELIEF (AGAINST TECHNICOLOR)
### Failure to Obtain Proper Authorization in Violation of FCRA
### 15 U.S.C. §1681b(b)(2)(A)(ii)

66.    Plaintiff alleges and incorporates by reference the allegations in the preceding

paragraphs 1-54.

67.    Technicolor violated the FCRA by procuring consumer reports relating to

Plaintiff and other Background Check Class members without proper authorization.

68.    The authorization requirement under 15 U.S.C. §1681b(b)(2)(A)(ii) follows the

disclosure requirement of §1681b(b)(2)(A)(i) and presupposes that the authorization is based

upon a valid disclosure. "After all, one cannot meaningfully authorize her employer to take an

action if she does not grasp what that action entails." *Burghy v. Dayton Racquet Club, Inc.,* 695

F. Supp. 2d 689, 699 (S.D. Ohio 2010); *see also United States v. DeFries,* 129 F. 3d 1293, 1307

(D.C. Cir. 1997)("[A]uthorization secured 'without disclosure of ...material information' is a

nullity.")

### *Plaintiffs' First Concrete Injury under §1681b(b)(2)(A)(ii): Informational Injury*

69.    Plaintiff suffered a concrete informational injury because Technicolor failed to

provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone

FCRA disclosure form. Thus, through the FCRA, Congress has created a new right—the right to

receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-

alone disclosure.

70.    Pursuant to §1681b(b)(2), Plaintiff was entitled to receive certain information at a

specific time, namely a disclosure that a consumer report may be procured for employment



purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, Technicolor injured Plaintiff and the putative class members he seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins,* 524 U.S. 11 (1998) Then 15 U.S.C. §1681b(b)(2)(A)(ii).

71.     Technicolor violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Technicolor actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Technicolor might procure a consumer report on each of them for purposes of employment.

72.     Plaintiff suffered an informational injury. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A. Inc.,* 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015).

73.     Technicolor's Failure to provide Plaintiff and the Putative Classes with a lawful disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

### *Plaintiffs' Second Concrete Injury under §1681b(b)(2)(A)(ii): Invasion of Privacy*

74.     Additionally, Technicolor invaded Plaintiff's right to privacy and intruded upon



his seclusion. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A.*, Inc., 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015). Plaintiff's consumer report contained a wealth of private information which Technicolor had no right to access absent a specific Congressional license to do so. Technicolor invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on him and viewing his private and personal information without lawful authorization. *Perry v. Cable News Network, Inc.*, No-16-13031, (11th Cir., April 27, 2017)(Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

75.     The foregoing violations were willful. At this time Technicolor violated 15 U.S.C. §1681b(b)(2)(A)(ii). Technicolor knew that in order for it to have authorization to obtain consumer reports on Plaintiff and the Putative Class members it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class. Plaintiff's disclosure containing the illegal FCRA Disclosure form was executed on or about September, 2017. A plethora of authority, including both case law, and FTC opinions, existed at the time of Technicolor's violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Technicolor's willful conduct is also reflected by, among other things, the following facts:

        a.        Technicolor is a large corporation with access to legal advice through its

own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

b. Technicolor knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

c. Technicolor voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

76. Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

77. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

**WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

a. Determining that this action may proceed as a class action;

b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Issuing proper notice to the Putative Class at Technicolor's expense;

d. Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;

e. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

### THIRD CLAIM FOR RELIEF
**Failure to Provide Notice in Violation of FCRA**
**15 U.S.C. § 1681b(b)(3)(A)**

77. Plaintiff alleges and incorporates by reference the allegations in the preceding



paragraphs 1-54.

78.     Technicolor and ProLogistics used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

79.     Technicolor and ProLogistics violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with a copy of the consumer report that may have been used to take adverse employment action against them, before taking such adverse action. *See* 15 U.S.C. §1681b(b)(3)(A).

80.     The foregoing violations were willful. Technicolor and ProLogistics acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. §1681b(b)(3)(A). Technicolor and ProLogistics knew or should have known of its legal obligations under the FCRA. These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission. Technicolor and ProLogistics obtained or otherwise had available substantial written materials that apprised Technicolor of its duties under the FCRA. Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover their substance.

81.     Moreover, at the time Technicolor and ProLogistics failed to follow 15 U.S.C. §1681b(b)(3)(A) a plethora of FTC opinion and case law existed.

*Plaintiff's First Concrete Injury: Informational Injury*

82.     Plaintiff suffered a concrete informational injury because Technicolor and ProLogistics failed to provide Plaintiff with information to which he was entitled to by statute, namely a pre-adverse action notice, before his termination. This notice should have included all



information proscribed by §1681b(b)(3)(A), including: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under §1681g(c)(3) of the FCRA.

83.     Through the FCRA, Congress has created a new right—the right to receive pre-adverse notice as set out in the FCRA—and a new injury—not receiving said notice. The Plaintiff's "inability to obtain [that] information" is therefore, standing alone, "a sufficient injury in fact to satisfy Article III." *Spokeo Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016).

### Plaintiff's Second Concrete Injury: Inability to Learn of the Contents of His Report and Tell His Side of the Story

84.     Separately from the informational injury suffered, Plaintiff and Class Members have Article III standing to pursue claims for violations of §1681b(b)(3) because Technicolor's and ProLogistics's failure to provide timely notice deprived Plaintiff and Class Members of the opportunity to learn of the charges against them and tell Technicolor and ProLogistics their side of the story before Technicolor terminated their employment.

85.     With these two recognized injuries directly traceable to Technicolor's and ProLogistics's failure to timely provide the notices required by §1681b(b)(3), Plaintiff unquestionably has established Article III standing.

86.     Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages as the Court may allow under 15 U.S.C. §1681n(a)(2).

87.     Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

Page -22-



**WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

f.  Determining that this action may proceed as a class action;

g.  Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

h.  Issuing proper notice to the Putative Classes at Technicolor and ProLogistics's expense;

i.  Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;

j.  Awarding reasonable attorneys' fees and costs as provided by the FCRA;

k.  Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Putative Class demand a trial by jury.

Respectfully Submitted,

_____

Brian Winfrey, TN Bar No. 02576
MORGAN & MORGAN
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 601-1276
bwinfrey@forthepeople.com

Page -23-

Copy

# CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

2018 APR 12  AM 11: 56

**STATE OF TENNESSEE
DAVIDSON COUNTY
20TH JUDICIAL DISTRICT**

☒ First
☐ Alias
☐ Pluries

ROBERT SHARP, on behalf of himself

and on behalf of all others similarly situated

Plaintiff

**Vs.**

TECHNICOLOR USA INC.

Registered Agent Solutions, Inc.

992 Davidson Drive STE B

Nashville, TN 37205

Defendant

CIVIL ACTION
DOCKET NO. **18C001**

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☒ Certified Mail

☐ Personal Service

☐ Commissioner of Insurance

Dlup 2nd AC

**To the above named Defendant:**

**You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.**

**In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.**

ISSUED: **4/12/18**

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By:

Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Brian Winfrey |
| or | |
| PLAINTIFF'S ADDRESS | 810 Broadway, Suite 105 Nashville, TN 37203 (615) 601-1276 |
| | Address |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

♿ To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

Copy

**CIRCUIT COURT SUMMONS**  NASHVILLE, TENNESSEE

2018 APR 12 AM 11: 57

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

Robert Sharp, on behalf of himself and on behalf
of all others similarly situated

_____ Plaintiff

Vs.

Pro Logistics, LLC
McGiness Jr., Scott W
832 Georgia Avenue, Suite 1200
Chattanooga, TN 37402

_____ Defendant

CIVIL ACTION
DOCKET NO. 18C1001

**Method of Service:**
☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☒ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

2nd
D3wPAC

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 4/12/18

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Brian Winfrey, Morgan & Morgan P.A. 810 Broadway, Suite 105 Address Nashville, TN 37203  (615) 601-1276 |
|---|---|

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20___.

_____
SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| ROBERT SHARP, on behalf of himself and on behalf of all others similarly situated | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| TECHNICOLOR USA, INC., and PROLOGISTICS, LLC. | ) ) ) |
| Defendants. | ) ) |

CASE NO. 18C Ulu l

**JURY DEMAND**

## SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY

## TRIAL

Plaintiff, ROBERT SHARP, by and through his attorneys, and on behalf of himself, the Putative Class set forth below, and in the public interest, brings the following Class Action Complaint as of right against Defendant, TECHNICOLOR USA, INC. ("Technicolor"), including, subsidiaries, divisions and affiliates and PROLOGISTICS, LLC. ("ProLogistics"), under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. §1681 et seq.

## PRELIMINARY STATEMENT

1.     Technicolor is a leader in innovative technologies providing services to entertainment and media companies worldwide.  ProLogistics is a nationwide staffing company providing labor for thousands of clients nationwide.

2.     Defendants routinely obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

Case 3:18-cv-00379   Document 1-1   Filed 04/18/18   Page 55 of 77 PageID #: 58

3. The FCRA, 15 U.S.C. §1681b, makes it presumptively unlawful to obtain and use a "consumer report" for an employment purpose. Such use becomes lawful if and only if the "user" – in this case "Technicolor"– has complied with the statute's strict disclosure and authorization requirements. 15 U.S.C. §1681b(b)(2).

4. Technicolor willfully violated these requirements in multiple ways, in systematic violation of Plaintiff's rights and the rights of other putative class members.

5. Technicolor violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Technicolor is required to disclose to its applicants and employees – *in a document that consists solely of the disclosure* – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. *Id.* Technicolor willfully violated this requirement by failing to provide Plaintiff with a copy of a document that consists solely of the disclosure that it may obtain a consumer report on him for employment purposes, prior to obtaining a copy of his consumer report.

6. Technicolor also violated 15 U.S.C. §1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

7. Based on the foregoing violations, Plaintiff asserts FCRA claims against Technicolor on behalf of himself and classes consisting of Defendant's employees and prospective employees.

8. Furthermore, one of the key protections the FCRA provides consumers in the

employment context the requirement that employers—*before* they use a consumer report background check to make an adverse employment decision—provide consumers with a copy of the report and a written summary of their FCRA rights.

9.      Technicolor and ProLogistics violated 15 U.S.C. §1681b(b)(3)(A) by taking adverse employment action against Plaintiff and other putative class members without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report, and without providing them a reasonable opportunity to respond to the information in the report and discuss it with Defendant.

10.     In Counts One and Two, Plaintiff asserts a FCRA claim under 15 U.S.C. §§1681b(b)(2)(A)(i)-(ii) on behalf of a "Background Check Class" consisting of:

> **All Technicolor USA, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by Technicolor within two years of the filing of this complaint through the date of final judgment in this action as required by 15 U.S.C. § 1681b(b)(2)(A).**

11.     In Count Three, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3)(A) on behalf of an "Adverse Action Class," consisting of:

> **All Technicolor USA, Inc. and ProLogistics, LLC employees and prospective employees in the United States against whom adverse employment action was taken by Technicolor, based, in whole or in part, on information contained in a consumer report obtained within five years of the filing of this complaint through the date of final judgment in this action, and who were not provided the proper pre-adverse notice as required under 15 U.S.C. §1681b(b)(3)(A).**

12.     On behalf of himself and the Putative Class, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

13.     Individual and representative Plaintiff, Robert Sharp ("Plaintiff") lives in Tennessee, was jointly employed by Technicolor and ProLogistics in this district and is a member

of the Putative Class defined below.

14.     Defendant is a corporation and a user of consumer reports as contemplated by the FCRA, at 15 U.S.C. §1681b.

## JURISDICTION AND VENUE

15.     This is an action for damages in excess of $15,000, exclusive of interest, fees and costs, for violation of the FCRA.  This Court has federal question jurisdiction pursuant to 28 U.S.C § 1331 and 15 U.S.C. 1681n and 1681p.  Venue is proper in this County because the events giving rise to the action occurred in this County.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES
### *Background Checks*

16.     Technicolor conducts background checks on many of its job applicants as part of a standard screening process.  In addition, Technicolor also conducts background checks on existing employees from time-to-time during the course of their employment.

17.     Technicolor does not perform these background checks in-house.   Rather, Defendant relies on an outside consumer reporting firm to obtain this information and report it to the Defendant.  These reports constitute "consumer reports" for purposes of the FCRA.

### *FCRA Violations Relating to Background Check Class*

18.     Technicolor procured a consumer report information on Plaintiff in violation of the FCRA.

19.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

Case 3:18-cv-00379   Document 1-1   Filed 04/18/18   Page 58 of 77 PageID #: 61

> (ii)  the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§1681b(b)(2)(A)(i)-(ii) (*emphasis added*).

20.    Technicolor failed to satisfy these disclosure and authorization requirements.

21.    Technicolor did not have a stand-alone FCRA disclosure or authorization form. The FCRA requires that a disclosure not contain extraneous information. This is commonly referred to as the "stand alone disclosure" requirement.

22.    The FCRA also contains several other notice provisions, such as 15 U.S.C. §1681b(b)(3)(a) (pre-adverse action); §1681b(4)(B)(notice of national security investigation); §1681c(h) (notification of address discrepancy); §1681g (full file disclosure to consumers); §1681k(a)(1) (disclosure regarding use of public record information; §1681h (form and conditions of disclosure; and §1681m(a) (notice of adverse action).

23.    The purpose of FCRA notice provisions, including 1681b(b)(2)(A)(i), is to put consumers on notice that a consumer report may be prepared.   This gives consumers the opportunity to exercise substantive rights conferred by the FCRA or other statutes, allowing consumers the opportunity to ensure accuracy, confidentiality and fairness.

24.    Without clear notice that a consumer report is going to be procured, applicants and employees are deprived of the opportunity to make informed decisions or otherwise assert protected rights.

25.    Using a FCRA disclosure that is not "stand alone" violates the plain language of the statute, and flies in the face of unambiguous case law and regulatory guidance from the Federal Trade Commission ("FTC"). *Jones v Halstead Mgmt. Co.*, LLC, 81 F. Supp. 3d 324, 333 (S.D.N.Y 2015)(disclosure not "stand alone" when it contains extraneous information such as

state specific disclosures); *Moore v. Rite Aid Hdqtrs. Corp.*, 2015 U.S. Dist. LEXIS, at \*35 (E.D. Pa. May 29, 2015)("The text of the statute and available agency guidance demonstrate that the inclusion of information on the form apart from the disclosure and related authorization violates §1681b(b)(2)(a).")

26.    Along similar lines, many states have data privacy laws that restrict the disclosure of the information in their possession. *See, e.g.* Russom, Mirian B., Robert H. Sloan and Richard Warner, *Legal Concepts Meet Technology: A 50 State Survey of Privacy Laws,* ACSAC, (December 2011) (available at https://www.acsac.org/2011/workshops/gtip/p-Russom.pdf).

27.    Technicolor knowingly and recklessly disregarded case law and regulatory guidance and willfully violated 15 U.S.C. §§1681b(b)(2)(A) by procuring consumer report information on consumers without complying with the disclosure and authorization requirements of the statute. Technicolor's violations were willful because Technicolor knew it was required to use a stand-alone disclosure form prior to obtaining and using a consumer report on the Putative Class members.

28.    Technicolor's conduct is also willful because:

     a.    Defendant is a large and sophisticated employer with access to legal advice through its own attorneys and there is no evidence it determined its own conduct was lawful;

     b.    Technicolor knew or had reason to know that its conduct was inconsistent with published FCRA guidance interpreting the FCRA, case law and the plain language of the statute;

     c.    Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

29.    Technicolor acted in a deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check class members. Defendant knew or should have

known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in promulgations of the FTC and in established case law. Technicolor had access to materials and resources advising them of their duties under the FCRA. Any reasonable employer of Defendants size and sophistication knows or should know about FCRA compliance requirements.

### FCRA Violations Relating to Adverse Action Class

30. The FCRA also provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the report[.]" 15 U.S.C. §1681b(b)(3)(A)(i).

31. Technicolor and ProLogistics typically do not provide consumers with a copy of their consumer reports before taking adverse action against them based on the information in such reports. In the instant case, Plaintiff was terminated from employment on the basis of information contained in Plaintiff's consumer report that was obtained by Technicolor and ProLogistics; however, Plaintiff never received any pre-adverse action notice from Technicolor or ProLogistics.

32. Technicolor and ProLogistics's practice also runs counter to long-standing regulatory guidance from the FTC. Specifically, 15 U.S.C. §1681b(b)(3)(A) requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative

information.[1]

33.    By failing to provide Plaintiff and other Putative Class members with the information required by 15 U.S.C. §1681b(b)(3)(A) before taking adverse employment action against them based on the information contained in such reports, Technicolor and ProLogistics willfully disregarded this unambiguous regulatory guidance as well as the plain language of the statute, in violation of 15 U.S.C. §1681b(b)(3)(A).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

34.    Plaintiff was jointly employed by Technicolor and ProLogistics, a temporary employment agency for approximately six (6) years.

35.    On or about September of 2017, Plaintiff was offered full-time employment with Technicolor subject to a background check, *i.e.* a "consumer report."

36.    Technicolor procured a consumer report on Plaintiff.    The consumer report contained private, confidential information about Plaintiff.

37.    As a result of the consumer report, Plaintiff was denied full time employment with Technicolor and was terminated by Technicolor and ProLogistics based on the contents of the consumer report.

38.    It was unlawful for Technicolor to procure a consumer report on Plaintiff without making the disclosures required by the FCRA. Technicolor violated 15 U.S.C. §1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute.

39.    Plaintiff was distracted from the disclosure by the presence of additional

---

[1] Letter from William Haynes, Fed. Trade Comm'n, to A. Michael Rosen, Esq., Sr. VP Background America, *Inc.* (Jun. 9, 1998), 1998 WL 34323763 (F.T.C.) at *1, available at: https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-rosen-06-09-98.

information in the purported FCRA Disclosure. Specifically, Technicolor unlawfully inserted extraneous provisions into forms purporting to grant Technicolor authority to obtain and use consumer report information for employment purposes. The FCRA forbids this practice, since it mandates that all forms granting the authority to access and use consumer report information for employment purposes be "stand-alone forms" that do not include any additional agreements, state laws disclosures or other extraneous langauge.

40. Plaintiff was confused about his rights due to the presence of the additional language contained in Technicolor's forms.

41. Technicolor failed to satisfy the FCRA requirements pertaining to the FCRA Disclosure form when it procured Plaintiff's consumer report without making the proper disclosures.

42. Technicolor and ProLogistics violated 15 U.S.C. §1681b(b)(3)(A) when it took adverse employment action against Plaintiff and other putative class members based on information in their consumer reports without first providing Plaintiff and other affected class members with a copy of their consumer reports, notifying them of their rights under the FCRA, and giving them a reasonable opportunity to respond to the information in the report and engage in discussion with Technicolor.

43. The FCRA requires employers to provide notice at three different periods: (1) before an employer requests and/or procures a consumer report, it must provide notice to the employee in a "stand-alone" document, and must also receive written authorization from the employee (referred to as "Disclosure and Authorization"); (2) once an employer obtains a consumer report on an employee and before an employer can take adverse action against this same employee, it must first provide the employee with a copy of the report, and provide the

Page -9-

employee with a description of the employee's rights under the FCRA (referred to as "Pre-Adverse Action Notice"); and (3) once an employer takes adverse action, it must notify the employee that (i) it is taking adverse action based on the information contained in the employee's consumer report, (ii) it is providing the employee with the name, address, and telephone number of the consumer reporting agency that furnished the consumer report, (iii) it is providing the employee with a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with specific reasons as to why the adverse action was taken, (iv) it is providing the employee with notice of the employer's rights as a consumer to obtain...a free copy of the consumer report on the consumer from the consumer reporting agency.. .[within] the 60-day period," and (v) it is providing the employee with "notice of the consumer's right to dispute… with a consumer reporting agency the accuracy or completeness of any information in a consumer repot furnished by the agency [(referred to as "Post-Adverse Action Notice")]." *See* 15 U.S.C. §§1681b and 1681m.

44.     Technicolor and ProLogistics failed to follow these long-established FCRA requirements.

## CLASS ACTION ALLEGATIONS

45.     Plaintiff asserts claims under Counts 1 and 2 of this Complaint against Technicolor on behalf of a Background Check Class defined as follows:

> **All Technicolor USA, Inc. employees and job applicants in the United States who were the subject of a consumer report that was procured by Technicolor within two years of the filing of this complaint through the date of final judgment in this action as required by the FCRA.**

46.     In Count Three, Plaintiff asserts FCRA claims against Technicolor and ProLogistics under 15 U.S.C. §1681b(b)(3)(A) on behalf of an "Adverse Action Class," consisting of:

Case 3:18-cv-00379   Document 1-1   Filed 04/18/18   Page 64 of 77 PageID #: 67

**All Technicolor USA, Inc. and Pro Logistics, LLC. employees and prospective employees in the United States against whom adverse employment action was taken, based, in whole or in part, on information contained in a consumer report obtained within five years of the filing of this complaint through the date of final judgment in this action, and who were not provided the proper pre-adverse notice as required under 15 U.S.C. §1681b(b)(3)(A).**

47.    <u>Numerosity</u>:  The members of the Putative Classes are so numerous that joinder of all Class members is impracticable. Technicolor and ProLogistics regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, in the hiring process. Plaintiff is informed and believes that during the relevant time period, thousands of Technicolor and ProLogistics employees and prospective employees satisfy the definition of the Putative Class.

48.    <u>Typicality</u>:  Plaintiff's claims are typical of those of the members of the Putative Classes. Technicolor and ProLogistics typically uses consumer reports to conduct background checks on employees and prospective employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Technicolor and ProLogistics treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

49.    <u>Adequacy</u>:  Plaintiff is a member of and will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

50.    <u>Commonality</u>: Common questions of law and fact exist as to all members of the Putative Classes, and predominate over any questions solely affecting individual members of the Putative Classes. These common questions include, but are not limited to:

a. Whether Technicolor uses consumer report information to conduct background checks on employees and prospective employees;

b. Whether Technicolor's background check practices and/or procedures comply with the FCRA;

c. Whether Technicolor violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

d. Whether Technicolor violated the FCRA by procuring consumer report information based on invalid authorizations;

e. Whether Technicolor and ProLogistics violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class that may have been based on information in a consumer report, without first furnishing a copy of the report to the affected persons;

f. Whether Technicolor's and ProLogistics's violation of the FCRA was willful;

g. The proper measure of statutory damages; and

h. The proper form of injunctive and declaratory relief.


51.     This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the Technicolor a n d Pro Logistics. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

52.     This case is also maintainable as a class action because Technicolor a n d Pro Logistics acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Classes as a whole.

53.     Class certification is also appropriate because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Technicolor's a n d P r o L o g i s t i c s [ ' s conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against the Technicolor and/or ProLogistics, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution.   Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Technicolor a n d P r o L o g i s t i c s practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to  concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

54.     Plaintiff intends to send notice to all members of the Putative Classes to the extent required by the Federal Rules of Civil Procedure. The names and addresses of the Putative Class members are readily available from Technicolor's  and ProLogistics's records.

## FIRST CLAIM FOR RELIEF (AGAINST TECHNICOLOR)
### Failure to Make Proper Disclosure in Violation of FCRA
### 15 U.S.C. §1681b(b)(2)(A)(i)

55.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-54.

56.     In violation of the FCRA, the FCRA Disclosure form Technicolor required the Background Check Class to complete as a condition of its employment with Technicolor does

Page -13-

not satisfy the disclosure requirements of 15 U.S.C. §1681b(b)(2)(A)(i) because Technicolor failed to provide a stand-alone document as to the consumer report information being obtained and utilized.

### *Plaintiffs' First Concrete Injury under §1681b(b)(2)(A)(i): Informational Injury*

57. Plaintiff suffered a concrete informational injury because Technicolor failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form. Through the FCRA, Congress created a new right – the right to receive the required disclosure as set out in the FCRA – and a new injury – not receiving a stand-alone disclosure.

58. Pursuant to §1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff *before* the consumer report was to be procured. By depriving Plaintiff of this information, in the form and at the time he was entitled to receive it, Technicolor injured Plaintiff and the putative class members he seeks to represent. *Public Citizen v. U.S. Department of Justice,* 491 U.S. 440, 449 (1989); *Federal Election Commission v. Atkins,* 524 U.S. 11 (1998).

59. Technicolor violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Technicolor actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Technicolor might procure a consumer report on each of them for purposes of employment. The required disclosures were

Case 3:18-cv-00379   Document 1-1   Filed 04/18/18   Page 68 of 77 PageID #: 71

not made, causing Plaintiff an informational injury.

60.     Technicolor's Failure to provide Plaintiff and the Putative Classes with a lawful disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

### *Plaintiff's Second Concrete Injury under §1681b(b)(2)(A)(i): Invasion of Privacy*

61.     Technicolor invaded Plaintiff's right to privacy. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (*i.e.*, disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A., Inc.* F. Supp. 3d 868, 869 (N.D.Cal.2015).

62.     The FCRA created a statutory cause of action akin to invasions of privacy and intrusions upon seclusion, harms recognized as providing the basis for lawsuits under English and American law.   Technicolor invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on him and viewing his private and personal information without lawful authorization. *Perry v. Cable News Network, Inc.*, No-16-13031, (11th Cir., April 27, 2017)(Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

63.     The forgoing violations were willful. At the time Technicolor violated 15 U.S.C. §1681b(b)(2)(A)(i) Technicolor knew they were required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on

Case 3:18-cv-00379   Document 1-1   Filed 04/18/18   Page 69 of 77 PageID #: 72

Plaintiff and the Putative Class. A plethora of authority, including both case law and FTC opinions, existed at the time of Technicolor's violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Technicolor's willful conduct is also reflected by, among other things, the following facts:

    a.    Technicolor is a large corporation with access to legal advice through its own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

    b.    Technicolor knew or had reason to know that their conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

    c.    Technicolor voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

64.    Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

65.    Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

**WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

    a.    Determining that this action may proceed as a class action;

    b.    Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

    c.    Issuing proper notice to the Putative Class at Technicolor's expense;

    d.    Awarding statutory damages as provided by the FCRA, including punitive

damages, to members of the Putative Class;

e.     Awarding reasonable attorneys' fees and costs as provided by the FCRA;

## SECOND CLAIM FOR RELIEF (AGAINST TECHNICOLOR)
### Failure to Obtain Proper Authorization in Violation of FCRA
### 15 U.S.C. §1681b(b)(2)(A)(ii)

66.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs 1-54.

67.     Technicolor violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization.

68.     The authorization requirement under 15 U.S.C. §1681b(b)(2)(A)(ii) follows the disclosure requirement of §1681b(b)(2)(A)(i) and presupposes that the authorization is based upon a valid disclosure. "After all, one cannot meaningfully authorize her employer to take an action if she does not grasp what that action entails." *Burghy v. Dayton Racquet Club, Inc.,* 695 F. Supp. 2d 689, 699 (S.D. Ohio 2010); *see also United States v. DeFries,* 129 F. 3d 1293, 1307 (D.C. Cir. 1997)("[A]uthorization secured 'without disclosure of ...material information' is a nullity.")

### *Plaintiffs' First Concrete Injury under §1681b(b)(2)(A)(ii): Informational Injury*

69.     Plaintiff suffered a concrete informational injury because Technicolor failed to provide Plaintiff with information to which he was entitled to by statute, namely a stand-alone FCRA disclosure form. Thus, through the FCRA, Congress has created a new right—the right to receive the required disclosure as set out in the FCRA—and a new injury—not receiving a stand-alone disclosure.

70.     Pursuant to §1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment

purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. By depriving Plaintiff of this information, Technicolor injured Plaintiff and the putative class members he seeks to represent. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins*, 524 U.S. 11 (1998) Then 15 U.S.C. §1681b(b)(2)(A)(ii).

71.    Technicolor violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. §1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Technicolor actually procured consumer reports, and (2) in a stand-alone document, clearly informing Plaintiff and other Background Check Class members that Technicolor might procure a consumer report on each of them for purposes of employment.

72.    Plaintiff suffered an informational injury. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A. Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015).

73.    Technicolor's Failure to provide Plaintiff and the Putative Classes with a lawful disclosure created a risk of harm that Plaintiff and members of the Putative Class would be confused and distracted by the extraneous language.

### Plaintiffs' Second Concrete Injury under §1681b(b)(2)(A)(ii): Invasion of Privacy

74.    Additionally, Technicolor invaded Plaintiff's right to privacy and intruded upon

his seclusion. Under the FCRA, "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless" it complies with the statutory requirements (i.e., disclosure and authorization) set forth in the following subsections: 15 U.S.C. §1681b(b)(2). As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A.*, Inc., 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015). Plaintiff's consumer report contained a wealth of private information which Technicolor had no right to access absent a specific Congressional license to do so. Technicolor invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion by procuring a consumer report on him and viewing his private and personal information without lawful authorization. *Perry v. Cable News Network, Inc.*, No-16-13031, (11th Cir., April 27, 2017)(Violation of statutory right that has a close relationship to a harm traditionally recognized in English or American law is a concrete harm for purposes of Art. III standing).

75. The foregoing violations were willful. At this time Technicolor violated 15 U.S.C. §1681b(b)(2)(A)(ii). Technicolor knew that in order for it to have authorization to obtain consumer reports on Plaintiff and the Putative Class members it was required to provide a stand-alone form (separate from the employment application) prior to obtaining and then utilizing a consumer report on Plaintiff and the Putative Class. Plaintiff's disclosure containing the illegal FCRA Disclosure form was executed on or about September, 2017. A plethora of authority, including both case law, and FTC opinions, existed at the time of Technicolor's violations on this very issue that held waivers cannot be included in the FCRA forms at issue. Technicolor's willful conduct is also reflected by, among other things, the following facts:

a. Technicolor is a large corporation with access to legal advice through its

own general counsel's office and outside employment counsel, and there is not contemporaneous evidence that it determined that its conduct was lawful;

b. Technicolor knew or had reason to know that its conduct was inconsistent with published FTC guidance interpreting the FCRA and the plain language of the statute; and

c. Technicolor voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

76. Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred dollars ($100) and not more than one thousand dollars ($1,000) for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. §1681n(a)(2).

77. Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. §1681n(a)(3).

**WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

a. Determining that this action may proceed as a class action;

b. Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Issuing proper notice to the Putative Class at Technicolor's expense;

d. Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;

e. Awarding reasonable attorneys' fees and costs as provided by the FCRA;

### THIRD CLAIM FOR RELIEF
**Failure to Provide Notice in Violation of FCRA**
**15 U.S.C. § 1681b(b)(3)(A)**

77. Plaintiff alleges and incorporates by reference the allegations in the preceding

paragraphs 1-54.

78. Technicolor and ProLogistics used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

79. Technicolor and ProLogistics violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with a copy of the consumer report that may have been used to take adverse employment action against them, before taking such adverse action. *See* 15 U.S.C. §1681b(b)(3)(A).

80. The foregoing violations were willful. Technicolor and ProLogistics acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. §1681b(b)(3)(A). Technicolor and ProLogistics knew or should have known of its legal obligations under the FCRA. These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission. Technicolor and ProLogistics obtained or otherwise had available substantial written materials that apprised Technicolor of its duties under the FCRA. Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover their substance.

81. Moreover, at the time Technicolor and ProLogistics failed to follow 15 U.S.C. §1681b(b)(3)(A) a plethora of FTC opinion and case law existed.

### *Plaintiff's First Concrete Injury: Informational Injury*

82. Plaintiff suffered a concrete informational injury because Technicolor and ProLogistics failed to provide Plaintiff with information to which he was entitled to by statute, namely a pre-adverse action notice, before his termination. This notice should have included all

Case 3:18-cv-00379   Document 1-1   Filed 04/18/18   Page 75 of 77 PageID #: 78

information proscribed by §1681b(b)(3)(A), including: (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under §1681g(c)(3) of the FCRA.

83.     Through the FCRA, Congress has created a new right—the right to receive pre-adverse notice as set out in the FCRA—and a new injury—not receiving said notice. The Plaintiff's "inability to obtain [that] information" is therefore, standing alone, "a sufficient injury in fact to satisfy Article III." *Spokeo Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016).

### *Plaintiff's Second Concrete Injury: Inability to Learn of the Contents of His Report and Tell His Side of the Story*

84.     Separately from the informational injury suffered, Plaintiff and Class Members have Article III standing to pursue claims for violations of §1681b(b)(3) because Technicolor's and ProLogistics's failure to provide timely notice deprived Plaintiff and Class Members of the opportunity to learn of the charges against them and tell Technicolor and ProLogistics their side of the story before Technicolor terminated their employment.

85.     With these two recognized injuries directly traceable to Technicolor's and ProLogistics's failure to timely provide the notices required by §1681b(b)(3), Plaintiff unquestionably has established Article III standing.

86.     Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations under 15 U.S.C. §1681n(a)(1)(A), in addition to punitive damages as the Court may allow under 15 U.S.C. §1681n(a)(2).

87.     Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

**WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

     f.     Determining that this action may proceed as a class action;

     g.     Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

     h.     Issuing proper notice to the Putative Classes at Technicolor and ProLogistics's expense;

     i.     Awarding statutory damages as provided by the FCRA, including punitive damages, to members of the Putative Class;

     j.     Awarding reasonable attorneys' fees and costs as provided by the FCRA;

     k.     Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Putative Class demand a trial by jury.

Respectfully Submitted,

Brian Winfrey, TN Bar No. 02576
MORGAN & MORGAN
810 Broadway, Suite 105
Nashville, Tennessee 37203
(615) 601-1276
bwinfrey@forthepeople.com

Page -23-